UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE MELLERSON,

                Petitioner,                **ORDER**
      -vs-                                No. 08-CV-6050(CJS)(VEB)

SUPERINTENDENT D. ROCK,

                Respondent.
_____

*Pro se* petitioner Dwayne Mellerson ("Mellerson") currently has a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 pending in this Court. Mellerson has been granted leave to proceed *in forma pauperis*. (Docket No. 3). Presently before the Court is Mellerson's letter requesting "the appointment of counsel and the assistance of an investigator to help substantiate petitioner's claim more definitely for this court's determination." (Docket No. 5).

The Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is

within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed Mellerson's application for counsel in light of the factors required by law as set forth by the Second Circuit in *Hodge*. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, Mellerson has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Mellerson simply states he needs "help substantiat[ing] petitioner's claim more definitely." However, the Court has reviewed Mellerson's petition and supporting documents and respondent's opposition memorandum of law, and it appears that Mellerson's habeas claims are ones which can be addressed and reviewed solely by means of the state court records. Therefore, it does not appear at this time that he requires the assistance of counsel or an investigator to present the claims raised in his habeas petition.

Based on the Court's review, Mellerson's motion for appointment of counsel (Docket No. 5) is **DENIED** without prejudice. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. *See* 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   January 29, 2009
         Rochester, New York.